**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 14 2005

JAMES W. ~~~~~~~, CLERK
By: ~~~~~~~~~~
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONNA BROWN                                                                PLAINTIFF

v.                    CASE NO. 5:05-CV-064 JMM

FRED'S STORES OF TENNESSEE, INC.                                           DEFENDANT

## AGREED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between the parties and their attorneys in the above-entitled action that:

1. This Protective Order shall apply to the documents contained in the personnel files of Allan Beatty, Jeff Dunbar and Brett Ward provided to Plaintiff in response to its First Set of Requests for Production of Documents (hereinafter referred to as "Protected Materials"). This Protective Order shall also apply to pay history of Beatty, Dunbar and Ward.

2. The Protected Materials shall be used for the sole, strict, and limited purpose of the preparation and trial of the instant proceeding, and shall not be disclosed or divulged in any other proceeding before any other court or agency, except as expressly ordered by a court of competent jurisdiction or as stipulated by the parties.

3. None of the Protected Materials shall be revealed to, discussed with, viewed by, or disclosed or divulged in any manner to any persons other than those actively engaged in the preparation and trial of this case and for whom access to such Protected Materials is necessary for that preparation and trial, as designated in paragraph 5 below.

4. Prior to disclosure of any of the Protected Materials to any person other than either party to the instant lawsuit, or the legal associates and office staff of a party's attorney of record herein, the disclosing party's attorney of record herein shall provide each such person with

W:\Fred's\BROWN\protective order.wpd

a copy of this Order. Said person shall first read this Protective Order and shall have agreed in writing:

    (a)    To be bound by the terms of this Protective Order;

    (b)    To maintain such information in confidence without further disclosure;

    (c)    Not to reveal such information to anyone other than another person designated by this Order as a proper recipient; and

    (d)    To use such information solely for the purposes of the instant proceeding.

5. Pursuant to this Protective Order, the Protected Materials may be disclosed only:

    (a)    To attorneys representing any party to this proceeding and employees of such attorneys or law firms with which such attorneys are associated, but only for the purposes of the instant proceeding;

    (b)    To attorneys consulting with attorneys of record herein, but only for the purpose of the instant proceeding;

    (c)    To consultants, advisors, or experts retained by any party, but only for the purposes of the instant proceeding; and

    (d)    To the parties, only for the purposes of the instant proceeding.

6. If a party's attorney of record herein is to make disclosure of any Protected Materials to any persons designated above in paragraph 5, subsections (b) and (c), said attorney of record shall advise counsel for any other party of the name, address, occupation or business affiliation of said persons, and shall identify the Protected Materials disclosed.

7. In the event that any of the Protected Materials is marked as an exhibit or for identification at a deposition or at trial; the exhibit shall be retained by the deposing party's counsel or entered into the Court's record under seal. In the event that the party's counsel deems it necessary to file any of the Protected Materials with the Clerk of the Court, they shall be filed

in a sealed envelope on which shall be endorsed the title of this action and on which shall be placed the word "CONFIDENTIAL" and a statement in substantially the following form:

"This envelope contains documents filed in this case by [name of party] and is not to be opened nor are the contents to be displayed or revealed to anyone except by order of this Court; however, counsel of record for any of the parties in this case may open this envelope in the office of the Clerk of this Court and there inspect the contents hereof at any time without order of this Court. Upon completion of such inspection by counsel of record, this envelope shall be resealed by the Clerk of this Court and a notation made on the envelope of the name of the person and the date on which the inspection was made."

8. Upon final termination of this litigation, each party subject to this Protective Order shall assemble and return to counsel for the originating party all items (including copies or duplicates thereof) of Protected Materials, exclusive of any notes or other attorneys' work product that may have been placed thereon by counsel for the receiving party. All copies containing such notes or attorneys' work product shall be destroyed within a reasonable time after final termination of this litigation.

IT IS HEREBY STIPULATED THAT COUNSEL FOR THE PARTIES AGREE TO THE ABOVE.

Date: 6 December 2005        BY: _____
                                  Khayyam M. Eddings
                                  Attorney for Fred's Stores of Tennessee, Inc.

Date: 12/9/05                BY: _____
                                  Eugene Hunt
                                  Attorney for Plaintiff Donna Brown

APPROVED AND ENTERED THIS 14 DAY OF Dec, 2005.

_____
UNITED STATES DISTRICT JUDGE