IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONNA BROWN                                                                                    PLAINTIFF

VS.                                   CASE NO. 5:05CV0064

FRED'S, INC.                                                                                   DEFENDANT

## ORDER

Pending is Defendant's motion for summary judgment. (Docket #38). Plaintiff has filed a response. For the reasons set forth herein, Defendant's motion is DENIED.

### Facts

Plaintiff began her employment with Defendant Fred's Stores of Tennessee, Inc. ("Fred's") on March 14, 2003 as a part-time hourly sales associate at Fred's store number 3340, located in White Hall, Arkansas. The White Hall store is located in Fred's District 23. At the time of Plaintiff's employment District 23 consisted of 14 Fred's stores in the following locations: Pine Bluff, North Little Rock, Landmark (located at 15700 Arch street in Little Rock), Jacksonville, Searcy, White Hall, Beebe, Star City, Cabot, Bald Knob, Newport, McCrory, Sheridan and Des Arc.

Approximately one month after Plaintiff began her employment, on April 18, 2003, she was promoted to Assistant Manager at the White Hall store by District Manager Teddy West. The Assistant Manager position was Plaintiff's first full-time position with Fred's. Plaintiff's starting salary as Assistant Manager was $22,100.00 or $425 per week. West raised Plaintiff's salary to $23,400 annually or $450 per week on September 12, 2003.

West hired Beatty as Manager of the White Hall store on May 9, 2003. West hired Scholes as Manager of the Pine Bluff store on July 11, 2003. Beatty and Scholes swapped

positions on November 4, 2003 when Beatty became Manager of the Pine Bluff store and Scholes became Manager of the White Hall store. Plaintiff contends that Beatty and Scholes were paid $750.00 per week as Manager.

Michelle Mitchell assumed responsibility over District 23 from Teddy West in November 2003. Mitchell promoted Plaintiff to Manager of the White Hall store effective November 14, 2003. Plaintiff's weekly salary was increased to $650 per week. At the time Plaintiff was promoted to Manager, she earned more than Kevin Keefe and Robbie Heath managers of other Fred's stores in District 23. Plaintiff earned the same as Brian Nyhuis a manager at the Beebe store.

Jeffery Dunbar transferred from the Lake Village store to the White Hall store as Assistant Manager effective December 19, 2003. Dunbar was paid $500.00 per week. Plaintiff contends that Brett Ward was paid $ 500 per week as Assistant Manager.

Plaintiff was terminated by Mitchell on April 12, 2004. Prior to her termination, Plaintiff never complained about unequal pay to District Managers Ted West or Michelle Mitchell. Plaintiff brings this suit alleging that Fred's violated the Equal Pay Act and Title VII when it paid her $425 and $450 per week as assistant manager when male assistant managers were paid $500 per week for the same work; and, when it paid Plaintiff $650 per week as manager when male managers were paid $750 per week for the same work.

Plaintiff compares herself to Allan Beatty and Tim Scholes with regard to the manager position and to Jeffery Dunbar and Brett Ward with regard to the assistant manager position. It is undisputed that Fred's places a premium on employees who have prior managerial experience in "box" retail settings in determining the salaries of management employees. A

"box" retail setting is a grocery store, Wal-Mart, K-Mart or similar retail setting.  Defendant contends that the male employees Plaintiff compares herself to had previous "box" retail managerial experience where Plaintiff did not, were initially hired at other locations or had a superior educational background.  Plaintiff disputes Defendant's assertions and argues that she worked as assistant manager for a retail book store for more than three years prior to her employment with Fred's and that there are no differences in the job description or duties she performed.

Defendant contends that there is insufficient evidence to support the Plaintiff's equal pay claims under both the Equal Pay Act and Title VII.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion

The Eighth Circuit has held that Equal Pay Act, 29 U.S.C. § 206(d) (1994), standards apply to Title VII claims of "unequal pay for equal work." *McKee v. Bi-State Dev. Agency,* 801 F.2d 1014, 1018 (8th Cir.1986). Accordingly, to establish a prima facie case of wage discrimination based on unequal pay, a plaintiff must show that the defendant paid male workers more than she was paid for equal work in jobs that required equal skill, effort, and responsibility and were performed under similar conditions. *See* Equal Pay Act, 29 U.S.C. § 206(d); see also *Buettner v. Arch Coal Sales Co., Inc*. 216 F.3d 707, 718-19 ( 8th Cir. 2000). If Plaintiff meets this burden, Fred's may avoid liability by proving any of the four statutory affirmative defenses: where different payment to employees of opposite sexes "is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of

production; or (iv) a differential based on any other factor other than sex." *See, Corning Glass Works v. Brennan,* 417 U.S. 188, 196 (1974).

At the summary judgment stage, "an Equal Pay Act plaintiff's prima facie case-that is, one that will avoid summary judgment-consists of sufficient evidence the employer paid different salaries to men and women for equal work performed under similar conditions. At the summary judgment stage of the proceedings, the employer's justification for the differences is irrelevant, unless it is strong enough to establish one of the statutory affirmative defenses as a matter of law." *Tenkku v. Normandy Bank,* 348 F.3d 737, 741, n. 2 (8th Cir. 2003).

The Court finds that Plaintiff has presented sufficient evidence that Fred's paid different salaries to men and women for equal work performed under similar conditions. At this stage in the proceedings, Fred's justification for the difference is irrelevant. Fred's has not provided evidence sufficient to establish, as a matter of law, that the pay differential between Plaintiff and the men to which she compares herself was based on a factor other than sex. Accordingly, Defendant's motion for summary judgment is denied.

Wherefore, Defendant's motion, docket # 38, is denied.

IS SO ORDERED this 21st day of April, 2006

                                              James M. Moody
                                              United States District Judge