IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**DONNA BROWN**                                                                                      **PLAINTIFF**

**VS.**                                            **CASE NO. 5:05CV0064**

**FRED'S STORES OF TENNESSEE, INC.**                                          **DEFENDANT**

### ORDER

Pending is Defendant's motion to set aside or in the alternative to amend judgment. (Docket #75). Plaintiff has responded. A jury trial was held in this matter May 2 - 3, 2006. Following the presentation of evidence the jury returned verdicts in favor of Plaintiff, Donna Brown. The jury awarded compensatory damages in the amount of $4,109.20 and found that Fred's conduct was willful. The Court took the Defendant's motion for judgment as a matter of law on the issue of "willfulness" under advisement. On May 5, 2006 the Court entered an Order finding that Plaintiff had introduced sufficient evidence for the jury to find that the Defendant knew or showed reckless disregard for the fact that its conduct was prohibited by the Equal Pay Act and that the Defendant failed to meet its burden of proving a good faith defense, "particularly since [Plaintiff] proved willfulness." *See, Simpson v. Merchants & Planters Bank*, 441 F. 3d 572 (8th Cir. 2006). The Court awarded Plaintiff $4,109.20 in liquidated damages.

Defendant now asks the Court to set aside the jury verdict and to enter judgment in favor of Fred's. Defendant contends that the evidence was insufficient, as a matter of law, to establish that Brown's pay differential was based on sex. In the alternative, Fred's moves pursuant to Fed. R. Civ. P. 50(b) for judgment as a matter of law as to the jury's finding of willfulness.

The Court finds that Plaintiff presented sufficient evidence that Fred's paid different salaries to men and women for substantially equal work performed under similar conditions.

Specifically, Plaintiff offered evidence that Fred's paid male assistant store managers and managers more than she was paid for substantially equal work in jobs requiring substantially equal skill, effort and responsibility and that were performed under similar working conditions.

The law places a high standard on overturning a jury verdict, *see Hathaway v Runyon,* 132 F.3d 1214, 1220 (8th Cir. 1997). Where conflicting inferences reasonably can be drawn from the evidence, it is the role of the jury, not the court, to determine which inference should be drawn. *See Ryther v. KARE 11,* 108 F.3d 832, 844 (8th Cir.1997) (en banc) (affirming judgment of district court for plaintiff in age discrimination action in accordance with jury verdict). Only where "all of the evidence points in one direction and is susceptible to no reasonable interpretation supporting the jury verdict" should the grant of a motion for judgment as a matter of law be affirmed. *Hathaway,* 132 F.3d at 1220. Thus, it is improper to overturn a jury verdict unless, after giving the nonmoving party the benefit of all reasonable inferences and resolving all conflicts in the evidence in the nonmoving party's favor, there still exists " *a complete absence of probative facts* to support the conclusion reached so that no reasonable juror could have found for the nonmoving party." *Id.* (emphasis added).

The Court finds that there was sufficient evidence presented upon with the jury could have found for Plaintiff on her Equal Pay Act claims and on the issue of wilfulness.

Wherefore, Defendant's motion, docket # 75, is denied.

IS SO ORDERED this 6th day of June, 2006

                                                James M. Moody
                                                United States District Judge